Pages 1 - 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VINCE CHHABRIA, JUDGE

```
UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          )
                              )
    v.                        )        NO. 3:15-cr-00592-VC
                              )
AHMADREZA AMIRI,              )
                              )
          Defendant.          )
_____)
```

San Francisco, California
Tuesday, January 24, 2017

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | BRIAN J. STRETCH<br>United States Attorney<br>For the Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, California  94102<br>BY: **MARISSA HARRIS**<br>    Assistant United States Attorney |
| For Defendant: | Farella, Braun & Martel LLP<br>235 Montgomery Street, 30th floor<br>San Francisco, California  94104<br>BY: **JESSICA KOREN NALL**<br>    Attorney at Law |
| Reported By: | Leo T. Mankiewicz, CSR 5297, RMR, CRR<br>Pro Tem Reporter |

1  <u>Tuesday, January 24, 2017</u>

2                                                              <u>10:33 a.m.</u>

3                        P R O C E E D I N G S

4                    (Defendant present in court.)

5       **THE CLERK:** Calling case number 15-CR-00592, U.S.A.
6  versus Ahmadreza Amiri.
7       Counsel, please step forward and state your
8  appearances for the record.
9       **MS. HARRIS:** Good morning, your Honor. Marissa Harris
10 for the United States.
11      **THE COURT:** Good morning.
12      **MS. NALL:** Good morning, your Honor. Jessica Nall for
13 Mr. Amiri. He's present.
14      **THE COURT:** Good morning.
15      Good morning, Mr. Amiri.
16      **THE DEFENDANT:** Good morning, your Honor.
17      **THE COURT:** Now, this case has now been around for
18 quite a while. It was filed in 2015. We are now in 2017.
19 What's going on?
20      **MS. NALL:** Your Honor, if I may, we had requested a
21 continuance at our last appearance in order to allow
22 immigration counsel to do the analysis necessary for us to
23 continue our conversation with the government.
24      We just met yesterday with immigration counsel. There
25 are a few details that we're still chasing down, but we're

1  getting to a point where I think we need a shorter continuance
2  this time to finish our discussion, but I understand that
3  attorney Harris has a trial coming up, so we may need to kick
4  it out a little bit further than we need, actually, to the
5  middle of March, but --
6          **THE COURT:**  Can I ask you a question, though?
7          **MS. NALL:**  Sure.
8          **THE COURT:**  The last time we met was on
9  September 27th, and on September 27th I was told that a
10 continuance was needed until now to consult with immigration
11 counsel.
12         September 27th was -- one, two, three -- almost four
13 months ago.  Why did you just meet with immigration counsel
14 yesterday after I gave you a four-month continuance to consult
15 with immigration counsel?
16         **MS. NALL:**  Understood.  I understand why you would ask
17 that question.  It does take a very long time to get
18 immigration documents from the government, which is what we
19 needed to do before immigration counsel could perform the
20 analysis necessary.  We had to issue several different requests
21 for documentation, which take months for the government to
22 comply with, which is what we were waiting for, and when those
23 documents were received and analysis completed, we met as soon
24 as that was possible to do, your Honor.
25         It's not -- the delay is inherent in the immigration

1  process, unfortunately, is my understanding.  It certainly was
2  not a lack of diligence on our part; I can attest to that.
3            **THE COURT:**  Okay.  So have you gotten everything you
4  need to conduct your analysis now?
5            **MS. NALL:**  We do have that, your Honor, and what now
6  remains is --
7            **THE COURT:**  And you said you met with immigration
8  counsel yesterday?
9            **MS. NALL:**  We did, in fact.  We have now the
10 information we need, the analysis we need, and it simply
11 remains for Ms. Harris and I to sit down and continue our
12 discussion, and hopefully reach a resolution and see if it's,
13 of course, possible to do that, and then we could go back
14 before your Honor and request a change of plea, and that -- as
15 soon as we're finished with our discussion, we can get in touch
16 with --
17           **THE COURT:**  How about you come back this afternoon?
18           **MS. NALL:**  That would -- I'm not sure what Ms. Harris'
19 schedule is, your Honor.
20           **THE COURT:**  Well, I'm worried that -- I'm worried that
21 if I continue this until some future date, you're not going to
22 do anything on the case for -- until the day before that date.
23           **MS. NALL:**  I understand.  I don't believe that is --
24 that concern is warranted in this case.  We have an actually
25 pretty cooperative discussion happening, since we had to be

1  delayed in order for the immigration part to be dealt with.
2  **THE COURT:** Okay. Well, everyone's in the building.
3  You want to come back this afternoon?
4  **MS. NALL:** I think I'd prefer to give us a little bit
5  more time, but I'm not sure what your thoughts are.
6  Ms. Harris doesn't work in this building. She works
7  in the San Jose office.
8  **THE COURT:** That's why I said, everyone's in the
9  building.
10 **MS. HARRIS:** Your Honor, if the Court would like to
11 come back this afternoon, I could do that. I do have a meeting
12 at noon till 1:00 p.m. I could come back after that, but
13 I mean, frankly, the soonest I could get back here for a second
14 hearing -- I have hearings before, in San Jose, Judge Freeman,
15 who has a calendar that's concurrent with your Honor's
16 calendar.
17 **THE COURT:** So when do you all want to come back?
18 **MS. NALL:** I had proposed another 30 days. We could
19 do it shorter than that, but Ms. Harris has scheduling issues
20 that we want to work around. I will be out on Valentine's Day,
21 which was the other day that she had.
22 **MS. HARRIS:** I have a trial that is starting in San
23 Jose before Judge Davila on the 21st of February, your Honor.
24 I believe it will go until roughly March 1st.
25 **THE COURT:** Okay. Well, can we come back before that?

1     **MS. HARRIS:**  If the Court -- the issue is that
2  I have -- next Tuesday I have hearings before Judge Freeman,
3  your Honor, which is at 9:00 a.m. on Tuesdays in San Jose, and
4  I have a hearing on the 31st, the 7th, the 14th --
5     **THE COURT:**  What is it now, the 24th?
6     **MS. HARRIS:**  It is the 24th of January, your Honor.
7     **THE COURT:**  Okay, so could you come back February 7th?
8     **MS. HARRIS:**  No, your Honor.  I have a hearing before
9  Judge Freeman on that date.
10    **THE COURT:**  Okay, and --
11    **MS. HARRIS:**  The 14th I also have another hearing
12 before Judge Freeman.  The 21st is when my trial starts, which
13 will be going until the 28th.  The soonest I think I could get
14 back up here would be the 7th of March.  It runs a very minor
15 risk of our trial still continuing at that time.  My great hope
16 is that it should be done by the 1st of March.  Frankly, if
17 it's still going at that time, that's a bigger issue that, you
18 know, has less to do with the court and the scheduling, but
19 I think I could get back here on the 7th.
20    **THE COURT:**  Okay.
21    **MS. NALL:**  Your Honor, I'm actually going to be
22 traveling.  I have -- I will be in Miami for the ABA conference
23 and speaking on the panel, so I'm not available that day, but
24 I could send my colleague.  I don't want to hold this up any
25 more, your Honor, and I think probably before then we'll be

1   reaching out to schedule a change of plea anyway.  So it may
2   not be necessary to set a status.
3           **THE COURT:**  Well, what we should do is set a trial
4   date in this case.
5           **MS. NALL:**  That's fine.  I think we'll not end up
6   doing that, but if that's you like, we can do that.
7           **THE COURT:**  When should we -- should we have trial in
8   March?
9           **MS. HARRIS:**  Your Honor, I would prefer -- I mean, if
10  for some reason this plea agreement does not come to fruition,
11  I would prefer to have more time than that to prepare.  I'm
12  just literally coming out of a trial that's ending in March.
13  If we're going to set a trial date, I would prefer it to be --
14  let's try for April or May.
15          **THE COURT:**  What about March 27th?
16          **MS. HARRIS:**  I'm available on that date, your Honor.
17          **THE COURT:**  Okay, and how much time is left on the
18  clock?  I'm guessing all 70 days?
19          **MS. HARRIS:**  Yes, your Honor.  I believe we've had
20  exclusions of time for --
21          **THE COURT:**  Okay.  I'm gathering there is no longer a
22  basis for excluding time.
23          **MS. HARRIS:**  I mean, the immigration lawyer's review
24  and their continuing need to discuss with the immigration
25  lawyer the consequences of pleading guilty, I believe that is a

1  preparation of counsel.
2          **THE COURT:**  Okay, they've had enough time to do that
3  now.  So this is -- we're in late January.  Late February, late
4  March, that would be two months from now.  It would still be
5  within the speedy trial clock.
6          So let's schedule trial for March 27th.  I know this
7  isn't any -- this is not your fault, but we do have the Speedy
8  Trial Act and, you know, it's getting a little bit ridiculous.
9          **MS. HARRIS:**  Yes, your Honor.
10         **THE COURT:**  So we're going to have trial on
11 March 27th, and we'll have the final pretrial conference on
12 March 20th.
13         **MS. HARRIS:**  I'm sorry?
14         **THE COURT:**  March 20th.
15         **MS. HARRIS:**  The final pretrial conference on
16 March 28th?
17         **THE COURT:**  Yeah, that's what I was....
18         **THE REPORTER:**  Twenty.
19         **MS. HARRIS:**  The 20th, I'm sorry.
20         **THE COURT:**  It might have sounded like I said, "28th."
21         **MS. NALL:**  Actually, we'll be traveling that day, as
22 well.  I think this is all going to get moved out.  I don't
23 want to cause a lot of trouble, but again, I can have someone
24 cover it if necessary, but that is of major -- I just really
25 doubt that we're going to --

1  **THE COURT:**  Where will you be traveling on the 20th?
2  **MS. NALL:**  I'll be in Florida for a preplanned
3  vacation then, but I'll be back by the 27th, if you want to
4  have the trial start then.  It would be a lot easier on me if
5  we could start the trial on the 3rd and have the final pretrial
6  be on the 27th.
7  **THE COURT:**  What if we have final pretrial on the
8  22nd?
9  **MS. NALL:**  That would work for me.
10  **THE COURT:**  Okay.  We'll have final pretrial on the
11  22nd and we'll have trial on the --
12  **MS. NALL:**  Just, the only thing, I have an appearance
13  before Breyer at 2:00 p.m. on the 22nd.
14  **THE COURT:**  Before who?
15  **MS. NALL:**  Judge Breyer.
16  **THE COURT:**  I'll talk to him.  The 22nd, at what time?
17  **MS. NALL:**  At 2:00 p.m., your Honor.
18  **THE COURT:**  All right, we'll meet at 10:00 a.m. for
19  the final pretrial conference, and we'll have trial on the
20  27th, and time will not be excluded from here on out unless
21  there's some motion pending.
22  **MS. NALL:**  Okay.  Thank you, your Honor.
23  **THE COURT:**  Okay.  Thank you.
24                                                       10:43 a.m.
25

LEO T. MANKIEWICZ, CSR, RMR, CRR
Pro Tem Reporter - U.S. District Court

**CERTIFICATE OF REPORTER**

I, LEO T. MANKIEWICZ, a pro tem reporter in the United States Court, Northern District of California, and Certified Shorthand Reporter duly licensed in the State of California, hereby certify that the foregoing proceedings in Case No. 3:15-cr-00592-VC, United States of America v. Ahmadreza Amiri, were reported by me, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

Leo T. Mankiewicz, CSR 5297, RMR, CRR

Tuesday, September 26, 2017