DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARISSA HARRIS (DCBN 997421)
KAREN BEAUSEY (CABN 155258)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: 408.535.5061
    FAX: 408.535.5081
    marissa.harris@usdoj.gov
    karen.beausey@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>AHMADREZA AMIRI,<br><br>    Defendant. | **CASE NO. CR -15-0592 VC**<br><br>**APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE** |

    The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully submits this Application of the United States for a Preliminary Order of Forfeiture. The property subject to the proposed Preliminary Order of Forfeiture is property seized in the investigation, listed on Attachment A hereto (hereinafter "the subject property").

    In support thereof, the United States sets forth the following:

    On December 17, 2015, defendant Ahmadreza Amiri was charged by Indictment with violations of Title 18, United States Code, Section 1341 (Mail Fraud), Title 18, United States Code, section 1029(a)(2) (Fraud with Access Devices), Title 18, United States Code, Section 1028A (Aggravated Identity Theft), Title 18, United States Code, Section 1028(a)(3) (Possession of Unauthorized

Identification Documents), and Title 18, United States Code, Section 1029(a)(3) (Possession of Unauthorized Access Devices). The Indictment also sought criminal forfeiture, pursuant to Title 18, United States Code, Sections 981, 982, 1028 and 1029 (Criminal Forfeiture) of the subject property.

In 2017, defendant Ahmadreza Amiri pled guilty to Counts Two, Four and Five of the Indictment, namely, Title 18, United States Code, Sections 1029(a)(2) and (c)(1)(A)(1) (Use of Unauthorized Access Devices) (Count Two) and Title 18, United States Code, Section 1028A (Aggravated Identity Theft) (Counts Four and Five), and agreed the subject property is forfeitable pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)C), and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to

1  commence proceedings that comply with any statutes governing third-party rights.

2       Rule 32.2(b)(4) further provides that at sentencing - or at any time before sentencing if the

3  defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of

4  the sentence and included in the judgment.  The court may include in the order of forfeiture conditions

5  reasonably necessary to preserve the property's value pending any appeal.

6       The United States has established the requisite nexus between the subject property and the

7  offenses to which the defendant admitted because the subject property was used to facilitate the

8  commission of the offenses and is property constituting or derived from proceeds obtained directly

9  indirectly, as a result of the violations.  Accordingly, that property is subject to forfeiture to the United

10  States pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)C).

11       Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States

12  Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims

13  and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government

14  website, for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such

15  manner as the Attorney General may direct and notice that any person, other than the defendant, having

16  or claiming a legal interest in the property must file a petition with the Court and serve a copy on

17  Marissa Harris, Assistant United States Attorney, 150 Almaden Boulevard, Suite 900, San Jose, CA

18  95113 and/or Karen Beausey, Assistant United States Attorney, 450 Golden Gate Ave., Box 36055, San

19  Francisco, CA 94102, within thirty (30) days of the final publication of notice or of receipt of actual

20  notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate

21  the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under

22  penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the

23  forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  The

24  United States may also, to the extent practicable, provide direct written notice to any person known to

25  have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a

26  substitute for published notice as to those persons so notified.

27       WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order

28  of Forfeiture which:

1    a.    authorizes the forfeiture of the subject property to the United States;

2    b.    directs the United States, through its appropriate agency, to seize the forfeited property

3  forthwith;

4    c.    authorizes the government to conduct discovery in order to identify, locate or dispose of

5  property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal

6  Procedure;

7    d.    directs the United States to publish on a government website for at least thirty days,

8  notice of this Order, notice of the government's intent to dispose of the property in such manner as the

9  Attorney General may direct and provide notice that any person, other than the defendants, having or

10  claiming a legal interest in the subject property must file a petition with the Court and serve a copy on

11  government counsel within thirty (30) days of the final publication of notice or of receipt of actual

12  notice, whichever is earlier; and

13    e.    provides that the Court to retain jurisdiction to enforce the Preliminary Order of

14  Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

15

16  Dated: October 20, 2020                    Respectfully submitted,

17                                             DAVID L. ANDERSON
                                               United States Attorney
18

19

20                                             KAREN BEAUSEY
                                               Assistant United States Attorney
21

22

23

24

25

26

27

28

APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE
CR 15-0592 VC                               4

1

### CERTIFICATE OF SERVICE

2      The undersigned hereby certifies that she is an employee if the Office of the United States

3   Attorney for the Northern District of California and is a person of such age and discretion to be

4   competent to serve papers. The undersigned further certifies that she caused a copy of the following

5   documents:

6   • **APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF**
       **FORFEITURE; and**
7

8   • **[PROPOSED] PRELIMINARY ORDER OF FORFEITURE**

9   to be served this date via Electronic Case Filing Notification System upon the person(s) below at the

10  place and address which is the last known address:

| Jessica Koren Nall, Esq | Aviva Judith Gilbert, Esq. |
|---|---|
| Baker & McKenzie LLP | Farella Braun and Martel |
| Two Embarcadero Center, 11th Floor | 235 Montgomery Street |
| San Francisco, CA 94111-3802 | San Francisco, CA 94104 |
| (Counsel for AMIRI) | (Counsel for AMIRI) |

14      I declare under penalty of perjury under the laws of the United States of America that the

15  foregoing is true and correct to the best of my knowledge.

16      Executed this 20th day of October, 2020, at San Francisco, California.

17

18              _/s/ Brenda Lukaitis_____
                BRENDA LUKAITIS
19              FSA Paralegal III/Asset Forfeiture Unit

20

21

22

23

24

25

26

27

28